# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re: <br><br> ABIGAIL HELENE ROEBAS, <br><br> Debtor. | Case No. 05-11637-RGM <br> (Chapter 7) |
| JUDITH M. KOENICK, <br><br> Plaintiff, <br><br> v. <br><br> ABIGAIL HELENE ROEBAS, <br><br> Defendant. | Adv. Proc. No. 05-1505 |

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's motion for summary judgment. Judith M. Koenick filed a complaint objecting to the dischargeability of three debts owed to her by Ms. Roebas.[1] She identified the three debts as follows:

1. A loan for $2,500.00 for legal fees made in late 2003;

2. A $8,000.00 loan to buy a car made in June, 2002; and

3. Rent.

In each instance, Ms. Koenick asserted that Ms. Roebas committed a fraud because she did not intend to repay loans or the rent.

Ms. Roebas filed a motion for summary judgment and supported her motion with an

---

[1]Ms. Koenick's' nephew is Ethan F. Koenick. Ethan F. Koenick and the debtor are the parents of Alex and David Roebas, Ms. Koenick's great nephews. Ethan F. Koenick is making monthly child support payments to Ms. Roebas. *See* Affidavit in Support of Opposition to Discharge, p.5 ¶5.

affidavit. In her affidavit, she states that she intended to repay both debts and to pay all rent. She states that she made six payments on the car loan, but was unable to make any further payments. She stated that she intended to pay the loan for legal fees as soon as possible, but was unable to do so. She made one payment of $100.00 in April, 2005. She also states that she intended to pay the rent for the house and did so for two months when she first moved in. After that, she states that she made "approximately 12 additional partial payments". Again, she states that she was unable to pay rent subsequently.

Ms. Koenick filed a counter-affidavit. Almost all of it is devoted to explaining why Ms. Roebas should be denied a discharge. This is not relevant to this case because the complaint is one seeking a determination of dischargeability of the three debts. Ms. Koenick was granted two extensions of time within which to file a complaint alleging either an action under §523 or §727 or both.[2] The complaint she filed was only under §523.

In examining the affidavit, the court looked for facts that would support her allegation that the obligations incurred by Ms. Roebas were made without the intention of repaying them. The court cannot find any allegations in the affidavit which raise a genuine issue as to any material fact. The court notes that in the two requests for extension of time within which to file complaints, both requests recited that Ms. Roebas had appeared for a rule 2004 examination, had produced the documents requested that she had, and to the extent that she did not have bank statements or other information, authorized Ms. Koenick's attorney to obtain bank statements directly from the bank and to obtain a credit report. Ms. Koenick had ample opportunity to conduct a sufficient investigation to determine Ms. Roebas' financial circumstances which would be an indication of her

---

[2]Ms. Koenick was represented by counsel in the bankruptcy case. Counsel took a 2004 examination and requested and received documents. Counsel did not prepare or file the complaint in this case. Ms. Koenick appears pro se.

ability to pay and her intention to pay and any other circumstance that would relate to the intention to pay the three debts. Consequently, the silence of the affidavit with respect to such facts is even more suggestive that there is no genuine dispute as to the issue of Ms. Roebas' intention to repay the debts.    Ms. Koenick raises the issue of the failure of Ms. Roebas to return the vehicle that she bought when she was unable to pay for it. The documentation presented clearly shows that Ms. Roebas sought to return it. At one point, Ms. Roebas returned the vehicle to Ms. Koenick's brother, but Ms. Koenick took no action to pick the vehicle up. It was returned to Ms. Roebas who apparently sold it. The sale was after this bankruptcy was filed. No lien was ever placed on the vehicle. These actions do not relate to the point in time when Ms. Roebas *borrowed* the money to purchase the car. It is her intention at that time that is critical, not at a later time. While subsequent actions may form the foundation for an inference of one's state of mind at a prior time, the actions here are all consistent with Ms. Roebas' intention to repay the car loan.

F.R.Civ.Proc. 56 provides that a motion for summary judgment may be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party usually supports its motion for summary judgment with an affidavit or other documentation. When he does so, the respondent may not rest on his pleadings, but must provide a counter-affidavit which demonstrates that there are genuine issues as to material facts. In this case, Ms. Roebas' affidavit shows that she had the intention to repay the debts, but was thwarted from doing so by her financial circumstances. Ms. Koenick does not raise any issues in her counter-affidavit which places these issues in controversy.

The motion for summary judgment will be granted.

Alexandria, Virginia
February 23, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Richard A. Bartl

Copy mailed to:

Judith Koenick
2714 Washington Avenue
Chevy Chase, Maryland 20815

12761